* By the Court.
It is generally true that, where an [ *517 ] appeal is given by statute from the judgment of any court, the remedy, if a party be aggrieved by the judgment, should be by appeal on which the merits of the cause may be examined, as well as errors in law or fact corrected. But this rule does not extend to cases where the party had no opportunity to appeal, without any fault or neglect on his part. When Putnam had waived nis right to appeal by an agreement on record, to which Churchill himself was a party, he ought not to be considered as in fault. He has lost his right to appeal, and consequently a remedy, by which he might obtain relief upon the merits, if he was aggrieved. But his agreement does not extend to a release of errors, which may be pleaded to a writ of error, or to the waiving of his remedy by that writ. Churchill is entitled to the full benefit of his agreement. He has not had his judgment suspended by appeal, and all questions on the merits are at rest. But if there are errors in law or fact sufficient to annul his judgment, we must hear them. The writ of error is not quashed.
The defendant in error then pleaded in nullo est erratum.

By the Court.

The question upon the record is, whether Putnam's plea was or was not good. He has endeavored to support his plea on the statute of usury. On examining that statute, we are of opinion that his plea is not within it. By the statute, if the debtor sued will come into Court, (the creditor being alive,) and will swear that the contract sued is usurious, he shall have judgment, unless the creditor will swear that the contract is not usurious. The statute, therefore, supposes the creditor to be conusant, of the fact, whether the contract was or was not usurious. But the endorsee of a negotiable security is not one of the original contracting parties, and may not have any knowledge of the consideration on which the security was given. The statute, therefore, contemplates cases only where the original contracting parties are also the parties to the suit.
This point is not new, and it has been repeatedly decided against the defendant. His remedy was by pleading usury to the country, and submitting his evidence to a jury. Indeed, it is to be wished *454 [ * 518 ] that, in all cases, this trial by the oath * of the parties might be abolished, as it creates a temptation to commit the horrible crime of perjury.
Whitman for the plaintiff in error.
Wheaton for the defendant in error.

Let the judgment be affirmed, with costs.