Sewall, J.
The plaintiff’s action is as endorsee of a promissory note made by the defendant payable to Hunting, or his order, by him endorsed to Murdock, and by him to the plaintiff. In the plea or pleas of the defendant, (for his intentions in this respect remain in some uncertainty,) it is first averred that the note endorsed in blank by Hunting and Murdock xvas given to one Eevi Thaxter, to secure a sum of money borrovved of him by the defendant, and that Thaxter had not assigned his interest, but is the real creditor in this demand and action brought for his use and benefit; and after tendering a verification, but without praying a judgment upon these averments, the defendant proceeds in a regular plea of usury taken, reserved and secured by said Thaxter in the note, and upon his loan to the defendant. And this he is ready to verify, and to make oath in proof thereof, when, &c.; *158 wherefore he prays judgment, &c. .The plaintiff demurs, and the defendant has joined in demurrer.
Considered as one plea, — and probably all the averments, and the plea of usury, are to be taken as one plea, upon the whole of which judgment is prayed, — this plea is unquestionably bad. It is not triable in the whole by the mode of trial to which the defendant refers himself, and which is only suitable to the plea of usury. And a plea is bad, if there is no lawful mode of trying it, or if it is referred to an improper tribunal; as where matters of record are pleaded, and the plea concludes to the country. (3)
In a more general view, however, this plea may be considered as an attempt to answer an endorsee of a promissory [ * 193 ] * note by a plea of usury, and to hold him to the statute mode of trial.
The facts stated in the averments preceding, and in the distinct plea of usury objected to the note demanded, are all proper to be given in evidence to the jury, in a trial of this cause upon the general issue. But a trial by a jury of a part of a plea, or of averments essential to the ultimate defence; and if found for the defendant, then a trial of the substantial defence by his oath, according to the form of the statute, would be novel and wholly unprecedented.
This statute mode of trial, extraordinary in itself, and in derogation of the common law, is to be permitted in the particular case >nly, for which the legislature have provided it; that is, in a suit between the creditor and debtor; which has always been understood to mean the original creditor and debtor in the contract. They must be parties to the action ; and in the nature of the thing (hey only can attest to the circumstances, from which the controversy is supposed to arise, and to which the oath to be tendered, and to be taken, by one or both of them, refers.
The opinion of the Court is, that the plea is bad and insufficient, and that the plaintiff have judgment.

 9 Co. 25.