Sewall, J.
The interest of B. Johnson in the insurance effected by N. Bixby is to be considered as proved by the protest, or as admitted on the part of the underwriters, by the proceedings of their agent upon the receipt of it; and then the general question, whether the underwriters are chargeable, as his trustees, to the amount .of his share in the loss proved by the protest, and awarded by Mr. Jones, depends upon the effect of the adjustment, made by their broker, Mr. Touro, with Messrs. Appleton, acting for N. Bixby, and intrusted by him with the policy effected in his name.
If the discount of his premium notes, due to the office-keeper, was an effectual payment of the loss, the underwriters [ * 196 ] are discharged; or if the cancelling of the policy, * in consequence of that payment, and the charges allowed by the several underwriters in the subsequent adjustment of their accounts with their broker, are to operate as an adjustment and payment of the loss, then the underwriters were not liable to any demand of B. Johnson at the time this action was commenced.
It may admit of some question, perhaps, whether, after the notice given by the protest of the parties concerned in interest in the policy, upon which a loss was demanded, the insurance broker had any right, which he could insist upon, to a set-off or discount of his demands against the party in whose name the assurance was effected, he not being a party in interest to the policy. But even in *161 this view of the case, the consent of the agent of N. Bixby renders him liable to his employers ; and their long, acquiescence is strong presumptive evidence of their after-consent to the adjustment made in behalf of their agent, and may be considered as operating a confirmation of it, if that was necessary for the discharge of the insurance broker. But as it respects the underwriters upon the policy, the other circumstances stated seem to render this payment completely effectual. The particular mode of payment was adopted with the consent of the agent intrusted to effect the insurance, and to obtain payment of the loss demanded upon the policy; and the instrument itself was cancelled in consequence of the adjustment If there was no collusion or intended fraud in the case, the trans action, in this view of it, is equivalent to a payment to a factor, with whom the contract has been made. Besides, in mercantile negotiations, the possession of the contract, by the confidence of the party interested, is a sufficient token of authority in the party intrusted with it; and his cancelling of the contract, upon a fair equivalent, is a discharge to the party liable upon it. (2)
In the other view, however, of the case at bar, suggested by the answers of Mr. Boring, the discharge of the underwriters is conclusively established. By. the negotiation * be- [*197] tween the agents of the assured and Mr. Touro, the office-keeper, and the delivery of the policy to him, he became authorized to collect the loss demanded from the several underwriters ; and he collected it, and received payment of their several proportions in their accounts with him, adjusted, as it is stated, before this action was commenced. They, therefore, were no longer answerable, whether the office-keeper had, or had not, made a proper disposition of the money paid to him by the underwriters; for between them and the broker, his charges and adjustments must be construed as adequate payments.

Trustees discharged.

 5 Esp Rep. 510, Matthews vs. Haydon.