Parker, C. J.,
delivered the opinion of the Court.
The issue tried by the jury was, whether the property replevied was in the plaintiff; and the question now before the Court is, whether, on the facts proved, the verdict is right in law, it having been returned in conformity to the direction' of the judge, that the correspondence between the plaintiff and Howland, after the arrival of the latter in New York, amounted to a ratification of the sale made by Hill, Howland, & Co. in St. Salvador.
The bill of lading, with the other evidence stated in the report, sufficiently proves the property to have been in the plaintiff anterior to the sale to Bicker; and it is clear that Hill, Howland, fy Co. had not such a control over the subject as authorized them, by a sale of it, although intended for the benefit of the plaintiff, to divest hint of his property in it, so that, on its arrival here, upon tendering the freight to the owners of the vessel, he would not [ * 64 ] have been entitled to it, and could not have maintained replevin for it, but for his assent to the sale which had taken place before the arrival.
We are all satisfied that the conduct of the plaintiff fully ratified the doings of Hill, Howland, & Co. On the arrival of Howland in New York, he immediately forwarded a letter from the house in St. Salvador, with one from himself, to the plaintiff; informing him of the sale, and proposing to pay him immediately as far as he had funds of the company, and the remainder as soon as funds should arrive. In answer to this communication, the plaintiff, through his brother, Thomas Clement, who in all the transactions acted for him, informs Howland, that, although he did not approve of the sale, yet he wished to make no difficulty, and should expect to be paid immediately, as he would not consent to wait the convenience of the house with respect to their funds ; and he afterwards draws a bill on Howland, payable in thirty days after sight.
We do not consider this a conditional ratification of the sale, but an absolute one, with a dissent only to the delay of payment claimed by Howland. The drawing of the bill, on the strength of Howland's letter, is conclusive evidence that the plaintiff intended to consider him personally as his debtor, in consequence of the sale by the com pony, for whom Howland had undertaken to pay. Had the plaintiff intended to disaffirm the transfer, mercantile fairness required that he should instantly, upon receiving notice of it, have informed Howland ; and not have waited the chance of the sugars’ arriving, that he might have the advantage of their great rise on account of the war, and, if they should be captured, or otherwise lost, might resort to his claim on the company, or Howland, for the proceeds of the sale made by them.
Bicker, having been a bond fide purchaser, for a valuable con *64 s¡deration, in a foreign country, and from a person who, he might well presume, was authorized to sell, ought not to be dispossessed of the property ; unless the rules of law, applicable to such [*65] a transaction, should manifestly require *it. Now, although his title was imperfect, on account of the want of authority in the vendor ; yet we think that authority completely supported by the posterior conduct of the plaintiff; it being a well-known rule, that a subsequent adoption of an act done by one assuming to be an agent is equal in its effect to a precedent authority.
It is said, however, that the house at St. Salvador did not, when they informed the plaintiff of the sale, inform him of the circumstances which attended it, and the situation of the property. But we see no concealment of any fact material for the plaintiff to know, in order to enable him to decide whether he would sanction the sale or not. His ratification was general and immediate upon receiving notice. He might have suspended it, until he obtained further satisfaction from Howland, or he might have denied it altogether.
Upon the whole, we think the verdict is right and that judgment ought to be entered upon it.†

 Herring & al. vs. Polley, 8 Mass. Rep. 113. — Kuper vs. Augusta, 12 Mass Rep 185.— Odiorne & al. vs. Maxcy & al., 13 Mass. Rep 178. —Pratt vs. Putnam, 13 Mass. Rep. 361. — Fisher vs. Willard, 13 Mass. Rep. 379.—Boynton vs. Turner, 13 Mass. Rep. 391. — Amory vs. Hamilton, 17 Mass. Rep. 103. — Kingman vs. Pierce, 17 Mass. Rep. 247. — Frothingham vs. Haley, 3 Mass. Rep. 70. — Erick vs. Johnson, 6 Mass. Rep. 193. — Lent vs. Padelford, 10. Mass. Rep. 230. — Episcop. Char. Soc. vs. Episcop. Church, Dedham, 1 Pick. 372