Little *v.* Rogers & another.

———

GEORGE W. LITTLE *vs.* GEORGE B. ROGERS & another.

Under the *St.* of 1826, *c.* 27, § 5, and the Rev. Sts. *c.* 35, § 4, the maker of a note, payable to his own order and by him indorsed, is a competent witness, in a suit against him by the first indorsee, to prove the defence of usury.

The inception of such note is upon its indorsement ; and therefore where, in a suit thereon by the first indorsee, the jury were instructed that if they believed it was usurious in its inception, they should deduct the forfeiture of threefold the interest reserved, the instruction was held to be right.

ASSUMPSIT against the makers of a promissory note for \$1000, dated December 20th, 1835, payable in six months, without grace, to their own order, and by them indorsed to the plaintiff. The note was afterwards indorsed by the plaintiff, and then by Charles Haynes.

The defence at the trial before *Wilde,* J. was usury ; and it appeared from the testimony of George B. Rogers, one of the defendants, that the note was made on the 30th of April, 1836, but was antedated to make it appear more like a business transaction ; that the defendants received a loan, on the note, of \$900 ; and that the note was made by them for the purpose of raising money, and was not given in payment for merchandise, or other articles. It appeared also that the loan was effected by said Haynes.

The plaintiff objected to the admission of the testimony of Rogers, because the suit was not between the original parties to the transaction ; but the judge overruled the objection. The plaintiff also insisted that the defence of usury could not be maintained in this suit, because it did not appear that the plaintiff received any usurious interest ; but the jury were instructed, that if they believed the note was usurious in its inception, and was made for the purpose only of raising money, they should find a verdict for the plaintiff for the balance due on the note, after deducting the forfeiture of threefold the interest reserved. And for the purpose of ascertaining that balance, they were instructed to ascertain the interest due on the note from the time it fell due to the day of the verdict, and add to it the principal, and from the aggregate to deduct three times the legal interest from the time of the maturity of the note to the day of the verdict. The jury made this deduction, and returned a verdict for the balance.

New trial to be had, if the ruling was wrong, on either of these points ; otherwise, the verdict to stand.

*Brigham*, for the plaintiff.

*E. G. Austin*, for the defendants.

SHAW, C. J. The first question in the present case is, whether George B. Rogers, one of the defendants, was a competent witness. The action is upon a promissory note, and the defence is usury. The action is brought by the plaintiff, as indorsee, against the defendants, as promisors. But the note was made by the defendants, payable to their own order, and by them indorsed to the plaintiff.

From this statement it is manifest, that the present plaintiff and the defendants stand in the relation of original contracting parties. The note, being made by the defendants payable to their own order, did not assume the character of a contract until it was indorsed to the plaintiff.* Such being the nature of the

---

* In the case of *Kinsley* v. *Robinson*, 21 Pick. 327, which was a suit by the indorsee against the drawer and indorser of a bill of exchange made payable to his own order, and by him indorsed, the defendant's counsel argued that the defendant was entitled, *as indorser*, to notice of non-payment by the acceptor, though the latter had no effects of the defendant in his hands. But the court

contract and the relations of the parties, the case is within the statute authorizing a defendant to be a witness to prove the defence of usury. By the Rev. Sts. *c.* 35, § 4, and statute of 1826, *c.* 27, § 5, " it shall be lawful for the debtor, (the creditor being living,) to become a witness, and he shall be admitted as such, and the creditor, if he shall offer his testimony, shall also be admitted as a witness, together with any other legal evidence."

It is not necessary to decide, in the present case, whether, if an action were brought by any other indorsee than an immediate party to the original contract, the original parties to the contract, if living, might be introduced as witnesses. But it seems proper to remark, that the trial by jury has been substituted for the old trial by oath, under *St.* 1783, *c.* 55 ; and now the testimony of the debtor and creditor is to be received and considered by the jury, in connexion with any other evidence offered ; and therefore the decisions upon the former statute, providing for a trial by oath, (*Putnam* v. *Churchill*, 4 Mass. 516. *Binney* v. *Merchant*, 6 Mass. 190. *Knights* v. *Putnam*, 3 Pick. 171.) by which it was held that the statute did not apply unless the parties to the original contract were also parties to the suit, would not be of much importance as precedents ; and although the same terms, " debtor " and " creditor," are used, it might, perhaps, by a reasonable construction, intend those who were debtor and creditor in the original contract of loan, which is charged to be usurious. But in the present case, the plaintiff, being the first indorsee on a note payable by the defendants to their own order, in contemplation of law is the original and first contracting party, and stands in place of a promisee in ordinary notes, and therefore is the creditor. *Van Schaack* v. *Stafford*, 12 Pick. 565.

The other point turns merely on the correctness of the charge.

decided (on the same principle as in the text) that such a bill could be transferred and become a contract only by the drawer's indorsement; and that the rule, which dispenses with notice to the drawer, was applicable to that case, and not the rule which is applied to common indorsers.

This point is perhaps inferrible from the case, as reported. It was, however distinctly raised and adjudged.

Little *v.* Rogers & another.

The plaintiff contended, that the defence of usury could not be maintained, because it did not appear that the plaintiff received any usurious interest ; but the court instructed the jury, that if they found that the note was usurious in its inception, they must find a verdict with the threefold deduction.   From this we are to understand, that the jury did find that there was usury in the inception of the note, and as the inception was upon the indorsement by the defendants to the plaintiff, the usurious interest was then reserved or taken by the plaintiff; and either would be sufficient to make it usurious.   For the reasons already given, this was to be considered as a note first assuming the character of a contract when indorsed to the plaintiff, and if more than six per cent. was then reserved, the direction was right.   Had it been indorsed by the plaintiff for the accommodation of the maker, and negotiated to a third person, upon a usurious loan, and afterwards taken up by the plaintiff, it would have presented a very different question.   But there are no facts stated in the report to found such a case, and the finding of the jury is against this supposition.   It is stated, indeed, in the report, that the loan was effected by Haynes, who indorsed the note subsequently to the plaintiff ; but it does not appear that he had any other agency than that of effecting the loan, as a broker, from the plaintiff to the defendants.

*Iudgment on the verdict for the plaintiff, for the reduced sum*