Cushman v. Downing.

The case is not within the exceptions specified in R. S. chap. 146, § 12.

*G. F. Shepley*, for plaintiff, submitted the case without argument.

———

Isaac S. Cushman *versus* Richard D. Downing & al.

To a promissory note the defence of usury, by the oath of the defendant, can only be made in a suit brought in the name of the payee.

The plaintiff, who is the indorsee of the note declared on, cannot be called by the defendant to testify, though he was the subscribing witness.

Assumpsit, on a note payable to one Merritt Caldwell, and by him indorsed to the plaintiff. The brief statement filed alleged that the note was given for usurious interest.

At the trial, before Goodenow, J., the plaintiff, by a counselor of this Court, proved the indorsement of the note at his office, and that the present plaintiff was the subscribing witness to the note. The counsel for the defendant proposed

to inquire of the witness, whether he did not, without being advised with by either Caldwell or plaintiff upon the point, suggest that Caldwell had better indorse the note to Cushman, and have a suit commenced in Cushman's name. To this inquiry the witness stated, that he neither gave any advice or made any suggestion, except in answer to the inquiries of said Caldwell and said Cushman, and declined to answer the question more fully, and the Court ruled, that he need not answer more fully. The witness voluntarily testified, that Cushman requested him to cast the amount due on the note, and that he gave to Caldwell his note for the amount, but before he left the office, he said he had the money in his pocket, and might as well pay it then as at another time, and paid over the money.

The defendant introduced the deposition of Merritt Caldwell, against the objection of the plaintiff, from which it appeared, that the defendants declined paying the note when in witness' hands, alleging that it covered usurious interest, and that when he transferred it to plaintiff, he told him the reason why defendants declined paying it.

The defendants then offered their several statements in writing, subscribed and sworn to before the clerk of the Court, alleging, that the whole amount of the note was usurious, and the Court refused to admit the statements.

The defendants then offered to prove, as preliminary to the admission of said statements, that the note, though in terms made payable to Merritt Caldwell, was in truth given to the plaintiff, but the Court rejected the evidence as insufficient to let in the oath of the defendant.

The defendants contended, that they were entitled to make the same defence in this action, that they would have been entitled to make, if the action had been commenced in the name of the payee of the note, and to offer in support of it the same evidence, and consequently were entitled to their own oaths under the statute of usury; but the Court ruled, that though they were entitled to set up the same defence against the present plaintiff, which they might have done against the

payee, yet they were not entitled to the same evidence, and could not be allowed their own oaths.

The defendants then proposed to call the present plaintiff to testify, he having been the subscribing witness to the note, but the Court refused to admit him.

A verdict was returned for plaintiff, for the full amount of the note and interest, and the defendants filed exceptions.

*Codman*, for defendants.

1. The witness, Woodman, should have been held to testify, as requested by defendant's counsel. The facts inquired for, were not such as were communicated to him under professional confidence, and the ruling of the Court on this point was erroneous.

2. The evidence offered by defendants, that the note, though nominally payable to Merritt Caldwell, was in truth and in fact payable to the plaintiff, should not have been rejected; it does not contravene the rule of law, that parol evidence is inadmissible to explain, vary or contradict a written contract. The name of the payee forms no part of the contract; it may be a fictitious name, and in such case the holder would be permitted to offer parol evidence to show that he is the legal owner of it.

3. The ruling of the Judge, that the defendants could not be allowed their own oaths, was erroneous. R. S. c. 69, § 3.

4. The ruling that the plaintiff could not be compelled to testify, and the refusal of the Judge to admit him, were erroneous, because being the subscribing witness to the note, and consequently having full knowledge of the facts and circumstances under which and the consideration for which it was given, he could not by voluntarily becoming the indorsee, deprive the defendants of the benefit of his testimony. 1 Greenl. on Ev. (2d ed.) § 167, 418 and cases there cited; *Bent* v. *Baker*, and cases cited in notes, 2 Smith's Leading Cases, 47.

*Woodman*, for plaintiff.

WELLS, J. orally. — It has been decided in *Putnam* v. *Churchill*, 4 Mass. 516, that where the note, alleged to be

usurious, is indorsed to a third party, the oath of the defend-
ant cannot be admitted, and it was re-affirmed in *Binney* v.
*Merchant*, 6 Mass. 190. In the latter case, it was alleged,
that the suit was brought for the benefit of the payee, but that
did not avail to let in the oath of the party. In a later case,
*Little* v. *Rogers*, 1 Metc. 108, the Court did not disavow
the authority of these decisions, but in that case, which was
upon a note payable to defendant's order, they held it was
not a note until he put his own name upon it. From these
decisions, it appears, that the question asked of the witness,
Woodman, was wholly immaterial, and the decision of the Court,
rejecting the statements offered by the defendants, was right.

Another question raised, is whether the statement of de-
fendants should not have been admitted because the note,
originally payable to Caldwell, was in fact given to the plain-
tiff. The note was running to Caldwell, and whether or not
it was his property is wholly immaterial. He was a party to
the note, and when it was negotiated this kind of evidence
could no longer be allowable.

It is contended also, that the plaintiff had no right to buy
this demand and sue it, and thereby prevent the defendants
from using him as a witness. There is a rule of law, that a
man cannot make himself interested, and thus prevent his
being called as a witness, and there is another, that a note
may be negotiated. There may seem to be some hardship in
this case, but we think it best to adhere to the general princi-
ple that one party cannot be made a witness, rather than the
other.                              *Exceptions overruled.*