DANIEL BACON *vs.* JOSEPH ROBINSON.

In an action on a promissory note payable to an executor, the defendant is not a competent witness, under Rev. Sts. c. 35, § 4, to prove that the consideration of the note was usurious interest taken and reserved of him by the payee's testator; although the payee was cognizant, of his own knowledge, of the nature of the usurious transaction, at the time it took place.

THIS was an action of assumpsit on the following note: " On reckoning with F. A. Brooks this day of accounts, after deducting for five cows and one horse he had of me, there is due F. A. Brooks as executor of A. Brooks, Jr., five hundred and twenty three dollars and forty four cents, payable to himself or order on demand, with interest. This is given in exchange for memorandum to him of February 7, 1846, of $690.57.   July 23, 1847.   Joseph Robinson." This note was indorsed in blank by F. A. Brooks.

At the trial in the court of common pleas, before *Hoar,* J., the defence relied on was, that the consideration, if any, of this note, was usurious interest taken and reserved by Aaron Brooks, Jr., in a transaction between him and the defendant; and for the purpose of proving the defence, the defendant offered himself as a witness.   He also offered to prove, by his own testimony, that F. A. Brooks was cognizant, of his own knowledge, of the nature of the transaction, out of which the usury was alleged to have arisen, at the time it took place. But the judge rejected the evidence, and the plaintiff thereupon obtaining a verdict, the defendant excepted.

*G. F. Farley* and *E. Washburn,* for the defendant.

*B. F. Thomas,* for the plaintiff.

METCALF, J.   The defendant, in support of these exceptions, relies on two propositions; *first,* that if the action on the note in suit had been brought by the promisee, the defendant would have been a competent witness, by virtue of the Rev. Sts. *c.* 35, § 4; and *secondly,* that as the action is brought by the indorsee of a note payable on demand, the defendant is a competent witness, by virtue of *Sts.* 1839, *c.* 121, and 1845 *c.* 68.

We have not considered the second proposition; because

we are of opinion that the first, on which it depends, cannot be maintained.

The Rev. Sts. *c.* 35, § 4, provide that "in the trial of any action wherein it shall appear by the pleadings that the fact of unlawful interest having been taken or reserved is put in issue, it shall be lawful for the debtor (the creditor being living) to become a witness, and he shall be admitted as such; and the creditor, if he shall offer his testimony, shall also be admitted as a witness," &c. What is here meant by the words " debtor" and " creditor? " The case turns on the answer to this question. And on examining the previous statutes and decisions upon this matter, only one answer can be given. There were four previous statutes, namely, *Sts.* 23 Geo. 2, (Anc. Chart. 573 ); 1783, *c.* 55; 1825, *c.* 143, and 1826, *c.* 27. In all of them, as in Rev. Sts. *c.* 35, the " debtor" is made a witness, on condition that the " creditor " is alive; and in all of them, the words " debtor" and " creditor " undoubtedly had the same meaning. Now we have a judicial decision as to the meaning of these words in *St.* 1783, *c.* 55, § 2. In *Binney* v. *Merchant*, 6 Mass. 193, Sewall, J., gave the following opinion : " This statute mode of trial, extraordinary in itself, and in derogation of the common law, is to be permitted in the particular case only, for which the legislature have provided ; that is, in a suit between the creditor and debtor ; which has always been understood to mean the original creditor and debtor in the contract. They must be parties to the action ; and in the nature of the thing they only can attest to the circumstances, from which the controversy is supposed to arise, and to which the oath to be tendered, and to be taken by one or both of them, refers." See also *Putnam* v. *Churchill*, 4 Mass. 516.

The same meaning that was given to the words " creditor" and " debtor " in the *St.* of 1783, must be given to them in the Rev. Sts. *c.* 35, on which the defendant relies. And this is conclusive against these exceptions. The usury is not alleged to have been taken or reserved by the promisee, but by his testator. So that if the promisee had brought the action in his own name, the defendant could not have been admitted as a witness. *Exceptions overruled.*