Bigelow, J.
The objection to the competency of the plaintiff to testify in the present action, is founded on the phraseology of Rev. Sts. c. 35, § 4, by which it is provided that “ it shall be lawful for the debtor (the creditor being living) to become a witness, and he shall be admitted as such,” in the trial of any action wherein the fact of unlawful interest having been reserved or taken, is put in issue by the pleadings. The argument is, that the words “ debtor ” and “ creditor,” as used in this section, show that the intent of the legislature was, that this provision, as to the admissibility of parties as *483 witnesses, was to apply only to those cases where the relation of debtor and creditor actually subsisted between the parties, at the time of trial, which could only be where suit was brought on a contract to which the defence of usury was pleaded, and that it was not applicable where the original debt or contract had been paid, and a suit was brought under § 3 of c. 35 of the revised statutes, to recover back threefold the amount of the unlawful interest reserved or taken, because, in such case, the relation of creditor and debtor had ceased as between the parties to the suit. But we think this would be giving to the language of the statute quite too narrow a construction.
The provision by which parties are rendered competent to testify, extends, in express terms, to the trial of any action, wherein it shall appear by the pleadings that the fact of unlawful interest having been taken or reserved is put in issue. That is the precise issue, in an action brought to recover back usurious interest paid, as it is where usury is pleaded as a de-fence to the original contract. Besides, in the absence of any clear and express limitation, the general provision regulating the admission of parties as witnesses, in Rev. Sts. c. 35, § 4, must be taken and construed as applicable to the two previous sections, by which the remedies for taking and reserving usurious interest are prescribed. The statute is founded upon the consideration that, from the nature of the case, only the original parties to the usurious contract would be cognizant of the facts necessary to establish it by proof, and they were, therefore, rendered competent witnesses ex necessitate rei. This reason applies with equal force to actions brought to recover back illegal interest paid, as to suits in which usury is pleaded in defence to the original contract.
The words “ debtor ” and “ creditor,” as used in the above cited section of the revised statutes, have uniformly been incorporated in the several acts relating to usury, which have been in force in this commonwealth, and have long since received a judicial interpretation. They are intended as a designatio personarwm merely, and not as indicating a present existing relation between the parties. They are meant to *484 signify the parties to the original contract alleged to be usurious, or “ the original debtor and creditor.” Binney v. Merchant, 6 Mass. 190; Little v. Rogers, 1 Met. 108; King v Howard, 1 Cush. 137; Bacon v. Robinson, 7 Cush. 579.

Exceptions overruled.