JONAS KENDALL *vs.* ROBERT E. ROBERTSON & another.

Under Rev. Sts. *c.* 35, § 2, and *St.* 1846, *c.* 199, usury between the payee and maker of a promissory note is a good defence for the latter, *pro tanto*, to the note in the hands of a *bonâ fide* indorsee, to whom it was indorsed before maturity, for full value, and without notice of the usury.

In an action by the indorsee of a promissory note against the maker, the latter is a competent witness, under Rev. Sts. *c.* 35, § 4, the payee still living, to prove the note originally usurious.

Since special pleading was abolished in 1836, a defence of usury duly set forth in the answer, filed under *St.* 1851, *c.* 233, § 20, sufficiently "appears by the pleadings" within the meaning of Rev. Sts. *c.* 35, § 4.

ASSUMPSIT against the makers of a promissory note for $500, dated October 14, 1850, payable to Harrison Rowley or order, one year from date, with interest, and by said Rowley indorsed to the plaintiff. The defence was usury. The plaintiff replied that the indorsement was before the maturity of the note, and for the full value thereof, and that he took the note in good faith, and without notice of any usury, or other defence; and also denied the usury. At the trial in the court of common pleas, before *Wells*, C. J., October term, 1852, it was admitted that Rowley, the payee, was still living, and the testimony of Robert E. Robertson, one of the defendants, was offered to prove the usury, but the court refused to admit the testimony, because the suit was not between the original parties to the transaction. No other evidence of the usury was offered, nor was it contended that the plaintiff was not, as alleged in his replication, a *bonâ fide* indorsee of the note before its maturity, for the full value, and without notice of any ground of defence, and the jury, thereupon, rendered a verdict for $560.08, and the defendants excepted to the ruling.

*E. W. Bond*, for the defendants. Robertson, one of the defendants, was a competent witness to prove the usury under Rev. Sts. *c.* 35, § 4, inasmuch as Rowley, the original creditor, and Kendall, the creditor in the suit, were living. The cases of *Putnam* v. *Churchill*, 4 Mass. 516; *Binney* v. *Merchant*, 6 Mass. 190; *Knights* v. *Putnam*, 3 Pick. 171, were all cases under *St.* 1783, *c.* 55, which provided for a trial by

the oath of the parties, and allowed no other evidence to be introduced, and are not applicable to our present statute. *Little* v. *Rogers*, 1 Met. 108. If the debtor can be a witness, only when the suit is brought by the original creditor, the object of the statute would be defeated, as, in all cases of usury, the payee of the note would negotiate it, and thus prevent the debtor from being a witness.

*J. Wells*, for the plaintiff. 1. It does not appear by the pleadings that the fact of unlawful interest having been taken or reserved, is put in issue. *Brickett* v. *Minot*, 7 Met 291.

2. The testimony of Robertson was properly rejected, because the suit is not between the original parties to the note and transaction. *St.* 1783, *c.* 55; *St.* 1826, *c.* 27; *Putnam* v. *Churchill*, 4 Mass. 516; *Binney* v. *Merchant*, 6 Mass. 190; Bayley on Bills, 377, and notes; *Brigham* v. *Marean*, 7 Pick. 40; Chitty on Bills, 669, and notes; *Bank of the Metropolis* v. *Jones*, 8 Peters, 12; *Cushman* v. *Downing*, 16 Shepl. 459; *Bacon* v. *Robinson*, 7 Cush. 579.

3. The defence of usury cannot be made against a *bonâ fide* indorsee, before maturity, for value, without notice; and consequently the defendant could not be admitted to prove the usury. Stat. of New Hamp. February 12, 1791, cited in *Gale* v. *Eastman*, 7 Met. 16; *Young* v. *Berkley*, 2 N. Hamp. 410; *Forbes* v. *Marsh*, 3 N. Hamp. 119; *Fleckner* v. *Bank of United States*, 8 Wheat. 338.

SHAW, C. J. This is an action of assumpsit against the promisors, by the indorsee of a promissory note for $500, signed by the defendants, payable, in one year from date, to Harrison Rowley or his order, and by him indorsed to the plaintiff. The defence relied upon was, that the loan from the payee to the defendants was usurious, and the defendants claimed to have a deduction of threefold the amount of the interest unlawfully received and taken, pursuant to the provisions of the Rev. Sts. *c.* 35, §§ 2, 3, 4, altered and amended by *St.* 1846, *c.* 199, § 1. To maintain this defence, the testimony of one of the defendants was offered, but it was rejected because the suit was not between the original parties.

It was admitted that Rowley, the original payee of the note, was living. No other evidence was offered to prove the usury, nor was it contended that the plaintiff was not a *bonâ fide* holder of the note, taken by indorsement for its value, before it was due, and without notice of the usury in the original contract. A verdict was returned for the plaintiff, to which the defendants except. The only question expressly raised by the exceptions is, whether the testimony of one of the defendants was rightly rejected. But there is another, apparently raised by implication, whether this deduction of threefold the interest, can be claimed, although the original contract was usurious, if the suit be brought by a *bonâ fide* holder and indorsee without notice. This question lies at the foundation, and its decision one way, would render the question on the other point immaterial. By the former statute, in force before the alteration of the law in 1825, usurious contracts were made utterly void, and therefore usury, if pleaded and proved, was held to be a defence to the suit on such contract. *St.* 1783, *c.* 55, § 1. Under this statute, we believe, it was uniformly held, that the note would be void, if tainted with usury in the original concoction, even in the hands of an innocent holder without notice. *Lowe* v. *Waller*, 2 Doug. 736; *Bridge* v. *Hubbard*, 15 Mass. 96; *Churchill* v. *Suter*, 4 Mass. 156; *Ayer* v. *Hutchins*, 4 Mass. 370; *Chadbourn* v. *Watts*, 10 Mass. 121; *Bayley* v. *Taber*, 5 Mass. 286.

This law remained in force till the statutes of 1825 and 1826, which were succeeded by the revised statutes. Without tracing these changes historically, it will be sufficient to consider the law as it now stands. One of the important changes was, to declare that a usurious contract should not henceforth be void, but after fixing a rate of interest, it provided that if more than that rate should be taken or reserved, there should be a deduction, in case of suit brought, and that the defendant should recover, instead of paying costs; remedies were given to recover back usurious interest paid, not material to the present case. By Rev. Sts. *c.* 35, § 1, the rate is fixed at six per cent. and no more. And by section 2, whenever any action is brought on a contract, when more than six per

cent. has been reserved, taken, or received, the defendant shall recover his full costs, and the plaintiff shall forfeit threefold the amount of the whole interest, &c. This was modified by *St.* 1846, *c.* 199, so as to limit this forfeiture and deduction to threefold the amount of the interest unlawfully reserved or taken. In other respects the provisions of the revised statutes remain in force.

1. The first question is, whether this forfeiture and deduction are intended to apply, when the suit is brought by an innocent indorsee, without notice of the usury. Were this a new provision, there might be a doubt, whether it was not the intention of the legislature to impose the forfeiture on the offending party, the original party to the prohibited contract, and not upon an innocent indorsee. But the language of the statute is very explicit, and applies to the contract, whenever an action is brought on it, and extends the forfeiture, not to the usurious lender, not to the promisee in the original contract only, but to " the plaintiff," in any action brought on any such contract. And this construction is strictly analogous to that applied to the former law; but is less penal. The former law made the contract void; in other words, declared the whole money so lent upon usury forfeited; the present law declares it forfeited only in part. The former law extended the entire forfeiture to any holder of the note, though an innocent indorsee; the natural conclusion is, in the absence of express words, changing the operation of the law, that it was the intention of the legislature to extend such partial forfeiture in like manner, and attach it, as before, to the note, although held by an innocent indorsee without notice. In both cases the intention of the legislature appears to have been the same; to discourage and suppress a mode of lending, regarded as dangerous and injurious to society, by attainting the contract, and attaching the penal consequences to the contract itself, whenever set up as proof of a debt.

2. Upon the other point, the court are of opinion, that the original promisee being alive, and capable of being called as a witness, the defendant, the promisor in the note, was by the statute a competent witness. See *Putnam* v. *Churchill,*

4 Mass. 516; *Binney* v. *Merchant*, 6 Mass. 190; *Knights* v. *Putnam*, 3 Pick. 171. By the old statutes the trial might be *per sacramentum*, and then there was no other trial but by oath. Of course, there could be no such trial except when the parties to the original contract, and the parties to the action were the same. *Binney* v. *Merchant*, 6 Mass. 190. But this is changed by the revised statutes, substituting a trial by jury, and providing that in the trial of any action, wherein it shall appear by the pleadings, that the fact of unlawful interest is in issue, it shall be lawful for the debtor, the creditor being living, to become a witness; and the creditor, if he shall offer his testimony, shall also be admitted as a witness. The construction uniformly put on this statute has been, that " debtor and creditor" here mean the original parties to the contract charged to be usurious. *Little* v. *Rogers*, 1 Met. 108; *Bacon* v. *Robinson*, 7 Cush. 579.

3. " When it shall appear by the pleadings " are the words of the statute. It appears by a comparison of dates that the revised statutes were passed and promulgated, though they did not go into operation, before the statute abolishing special pleading. *St.* 1836, *c.* 273. Probably the revised statutes did contemplate a special plea of usury. But when special pleading was abolished by law, the only way the defence could appear in the pleadings was, to state in the specification of defence under the general issue, or state it in the answer under the new practice; and this has been deemed a sufficient compliance with the statute. The latter was done in the present case. *Exceptions sustained.*